UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ROSALINO RAMOS, on behalf of himself and others similarly situated,

Plaintiffs,

-against-

HILLTOP MANAGEMENT GROUP LLC; CHALBAN 613 REALTY LLC; MARK CULTON; DAVID KRAMMER; and/or any other related entities,

Defendants.

Case No.:

**CLASS ACTION COMPLAINT**

**Jury Trial Demanded**

Plaintiff, ROSALINO RAMOS, by his attorneys, Leeds Brown Law, P.C., allege upon knowledge to himself and upon information and belief as to all other matters as follows:

**PRELIMINARY STATEMENT**

1. This action is brought pursuant to 29 U.S.C. §§ 200 et seq., New York Labor Law ("Labor Law") §§ 190 et seq., Labor Law §§ 650 et seq., and 12 New York Codes, Rules and Regulations ("NYCRR") Part 140, to recover unpaid overtime wages, other wages, and penalties owed to Named Plaintiff, opt-in Plaintiffs pursuant to § 216(b), and other similarly situated workers by CHALBAN 613 REALTY LLC; HILLTOP MANAGEMENT GROUP LLC; MARK CULTON; DAVID KRAMMER; and/or any other related entities (collectively referred to as "Defendants").

2. Upon information and belief, beginning in approximately April 2011 and continuing through March 2017, Defendants have engaged in a policy and practice of improperly withholding wages from its employees, including minimum wages, overtime compensation, and spread of hours pay.

1

3. Upon information and belief, beginning in approximately April 2011 and continuing through March 2017, Defendants have engaged in a policy and practice of requiring Plaintiff to regularly work more than 40 hours per week, without providing overtime compensation as required by applicable state law.

4. Plaintiff has initiated this action seeking unpaid wages and other wages he was deprived of – plus interest, attorneys' fees, and costs.

## THE PARTIES

5. Plaintiff ROSALINO RAMOS ("Plaintiff") is an individual who resides in the State of New York, and who worked for Defendants as a superintendent, janitor, cleaner, and building maintenance person from approximately October 2015 through March 2017.

6. Upon information and belief, Defendant CHALBAN 613 REALTY LLC is a domestic limited liability company organized and existing under the laws of the State of New York, with a headquarters and principal place of business located at 2273 65th Street, Brooklyn, NY 11204.

7. Upon information and belief, Defendant HILLTOP MANAGEMENTGROUP LLC is a domestic limited liability company organized and existing under the laws of the State of New York, with a headquarters and principal place of business located at 2273 65th Street, Brooklyn, NY 11204.

8. Upon information and belief, Defendant MARK CULTON is a manager, supervisor, controller, and/or administrator of CHALBAN 613 REALTY LLC and HILLTOP MANAGEMENT GROUP LLC, and has a principal place of business at 2273 65th Street, Brooklyn, NY 11204and participated in the day-to-day operations of CHALBAN 613 REALTY LLC and HILLTOP MANAGEMENT GROUP LLC.

9. Upon information and belief, Defendant DAVID KRAMMER is a manager, supervisor, controller, and/or administrator of CHALBAN 613 REALTY LLC and HILLTOP MANAGEMENT GROUP LLC, and has a principal place of business at 2273 65th Street, Brooklyn, NY 11204and participated in the day-to-day operations of CHALBAN 613 REALTY LLC and HILLTOP MANAGEMENT GROUP LLC.

10. Upon information and belief, Defendant MARK CULTON is the president and/ or owner of Corporate Defendants, and: (1) had the power to fire and hire employees for Chalban 613 Realty and Hilltop Management; (2) supervised and controlled employee work schedules or conditions of employment for Chalban 613 Realty and Hilltop Management; (3) determine the rate and method of payment for employees of Chalban 613 Realty and Hilltop Management; (4) maintain employment records for Chalban 613 Realty and Hilltop Management.

11. Upon information and belief, Defendant DAVID KRAMMER is the president and/ or owner of Corporate Defendants, and: (1) had the power to fire and hire employees for Chalban 613 Realty and Hilltop Management; (2) supervised and controlled employee work schedules or conditions of employment for Chalban 613 Realty and Hilltop Management; (3) determine the rate and method of payment for employees of Chalban 613 Realty and Hilltop Management; (4) maintain employment records for Chalban 613 Realty and Hilltop Management.

12. Defendants are a single and/or joint employer under the Labor Law in that they share a common business purpose and ownership, and maintain common control, oversight and direction over the operations of the work performed by the Plaintiff, including payroll practices.

13. Upon information and belief, each Defendant has had substantial control of the Plaintiff's working conditions and over the unlawful policies and practices alleged herein.

## FACTS

14. Plaintiff Rosalino Ramos has worked for Defendants from approximately October 2015 through March 2017, as a superintendent, maintenance, repairman, cleaner, and janitor.

15. During Plaintiff's employment with Defendants, he typically worked approximately 60 to 80 hours in a typical work week.

16. From approximately October 2015 through March 2017, Defendants paid the Plaintiff a flat weekly wage of $300 each week, plus allowed him to live in one of the Defendants' apartment rental units.

17. Plaintiff regularly worked 7 days a week and typically worked shifts that lasted from approximately 6: 00 a.m. until 7: 00 p.m. with occasional breaks.

18. Despite regularly working more than 40 hours in a given workweek, Defendants failed to compensate the Plaintiff with overtime compensation at a rate of one and one half times Plaintiff regular hourly rate.

19. Plaintiff received only the same flat salary regardless of the total amount of hours worked.

20. Further, Defendants failed to compensate the Plaintiff for all the hours worked above the 40 hours in a given week, despite typically requiring him to work approximately 44 overtime hours per week.

21. Moreover, Defendants failed to provide the Plaintiff with written notices of his respective payrate.

### FIRST CAUSE OF ACTION AGAINST DEFENDANTS: FLSA OVERTIME WAGE COMPENSATION

22. Defendants are employers within the meaning contemplated, pursuant to 29 U.S.C. § 203(d) and case law interpreting the same.

23. Defendants are employers of Plaintiff and, upon information and belief, similarly situated employees.

24. Plaintiff and, upon information and belief, putative collective members are employees within the meaning contemplated, pursuant to 29 U.S.C. § 203(e).

25. Pursuant to 29 U.S.C. § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty [40] hours unless such employee receives compensation for his employment in excess of the above specified rate at a rate not less than one and one-half times the regular rate at which he is employed."

26. Plaintiff regularly worked approximately 60 to 80 hours in a typical work week.

27. From Plaintiffs interactions with other employees, Plaintiff understood that putative class members worked similar schedules and were paid in the same manner.

28. Plaintiff and putative collective members did not receive overtime compensation at the rate of one and one-half times their regular rate for all hours worked in excess of 40 hours in any given week.

29. Consequently by failing to pay Plaintiff and, upon information and belief, putative collective members, all of their overtime compensation, Defendants violated FLSA 29 U.S.C. § 207.

30. Upon information and belief, the failure of Defendants to pay overtime compensation was willful.

31. Plaintiff and, upon information and belief, putative collective members are not exempt from overtime payment pursuant to the FLSA.

32. By the foregoing reasons, Defendants are liable to Plaintiff and putative collective members in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS: NEW YORK OVERTIME WAGE COMPENSATION

33. Defendants are employers, within the meaning contemplated, pursuant to NYLL Article 19 § 651(6) and the supporting New York State Department of Labor Regulations.

34. Defendants are employers as defined by the Labor Law, its implementing regulations, and case law interpreting the same.

35. Plaintiff and similarly situated employees are employees within the meaning contemplated, pursuant to NYLL Article 19 § 651(5) and the supporting New York State Department of Labor Regulations.

36. Plaintiff and putative class members constitute "employees" as that term is defined under NYLL § 190 *et seq.* and case law interpreting the same.

37. 12 NYCRR § 141-1.4 requires that "an employer shall pay an employee, except a janitor in a residential building, for overtime at a wage rate of 1 ½ times the employee's regular rate for hours worked in excess of 40 hours in a workweek."

38. NYLL Article 19 § 663 provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

39. Plaintiff regularly worked in excess of 40 hours per week, typically working approximately 60 to 80 hours per week.

40. Upon information and belief, putative class members regularly worked in excess of 40 hours per week.

41. Plaintiff and, upon information and belief, putative class members, did not receive overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in any given week.

42. Defendants did not provide payroll receipts that accurately reflect the total amount of hours worked and corresponding wages earned for Plaintiff and, upon information and belief, putative class members.

43. Consequently, by failing to pay to Plaintiff and, upon information and belief, putative class members, all their overtime compensation, Defendants violated NYLL Article 19 § 663 and 12 NYCRR § 141-1.4.

44. Upon information and belief, Defendants' failure to pay overtime compensation was willful.

45. By the foregoing reasons, Defendants have violated NYLL Article 19 § 663 and 12 NYCRR § 141-1.4 and are liable to Plaintiff and putative class members in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

**THIRD CAUSE OF ACTION AGAINST DEFENDANTS:**
**NEW YORK WAGE THEFT NOTICE**

46. Pursuant to NYLL Article 6, Defendants are employers within the meaning contemplated, pursuant to New York Labor Law Article 19 § 651(6) and the supporting New York State Department of Labor Regulations.

47. Plaintiff and, upon information and belief, putative class members, are employees within the meaning contemplated, pursuant to NYLL § 651(5) and the implementing

New York State Department of Labor Regulations.

48. NYLL § 195(1) requires an employer such as Defendants, at commencement of employment or at any time period in which the employee's wages are changed, to "provide his or her employees, in writing in English and in the language identified by each employee as the primary language of such employee, … a notice containing… the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances."

49. NYLL § 195(3) requires an employer such as Defendants to "furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages. For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked . . . ."

50. 12 NYCRR § 141-2.2 requires that "every employer covered by this part shall furnish to each employee a statement with every payment of wages, listing hours worked, rates paid, gross wages, allowances, if any, claimed as part of the minimum wage, deductions and net wages. In the case of janitors, the number of units shall be recorded in the place of hours worked."

51. Plaintiff and, upon information and belief, putative class members, did not receive the required yearly wage notice or required weekly wage statements pursuant to NYLL § 195.

52. Plaintiff and putative class members did not receive either notice upon hiring or at the time their wage rates were changed pursuant to NYLL § 195.

53. Plaintiff and putative class members did not receive proper paystubs pursuant to 12 NYCRR § 141-2.2.

54. By the foregoing reasons, Defendants have violated NYLL § 195 and 12 NYCRR § 141-2.2 and are liable to Plaintiff and putative class members for the penalties set forth in NYLL § 198, post-judgment interest, attorneys' fees, and the costs and disbursements of this action.

### FOURTH CAUSE OF ACTION AGAINST DEFENDANTS: FAILURE TO PAY WAGES

55. Pursuant to Article 6 of NYLL, workers such as Plaintiff are protected from wage underpayments and improper employment practices. Pursuant to NYLL § 190, the term "employee" means "any person employed for hire by and employer in any employment."

56. As persons employed for hire by Defendants, Plaintiff and, upon information and belief, putative class members, are "employees" as understood in NYLL § 190.

57. Pursuant to NYLL § 190, the term "employer" includes any "person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service."

58. As the persons/entities that hired, directed, and controlled the job performance of Plaintiff and, upon information and belief, putative class members, Defendants are employers.

59. Plaintiff's agreed upon wage rate was within the meaning of NYLL §§ 190,

191, and 652.

60. Pursuant to NYLL § 191 and the cases interpreting same, workers such as Plaintiff and putative class members are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

61. During Plaintiff's employment with Defendants, Defendants routinely failed to pay Plaintiff for all hours worked.

62. Defendants routinely failed to pay putative class members for all hours worked.

63. In failing to pay Plaintiff and putative class members wages for time worked, Defendants violated NYLL § 191 and its implementing regulations, including 12 NYCRR Part 141.

64. Pursuant to NYLL § 193, "No employer shall make any deduction from the wages of an employee," such as Plaintiff and putative class members, that is not authorized by law or by the employee.

65. Defendants failed to the disclose the amount of any housing allowance taken by Defendants, and where therefore ineligible to claim such allowance. Any such amounts deducted from Plaintiff's wages were illegal deductions and violated Labor Law §§ 191, 193.

66. By withholding wages from Plaintiff and putative class members, pursuant to NYLL § 193 and the cases interpreting the same, Defendants made unlawful deductions.

67. By the foregoing reasons, pursuant to NYLL § 198, Defendants are liable to Plaintiff and putative class members in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

**WHEREFORE**, the Plaintiff who was employed by Defendants demand judgment:

(1) on the first cause of action against Defendants, in an amount to be determined at trial, plus interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections;

(2) on the second cause of action against Defendants, in an amount to be determined at trial, plus interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections;

(3) on the third cause of action against Defendants, in an amount to be determined at trial, plus interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections;

(4) on the fourth cause of action against Defendants, in an amount to be determined at trial, plus interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections;

(5) together with such other and further relief the Court may deem appropriate.

Dated: Carle Place, New York  
      May 30, 2017

**LEEDS BROWN LAW, P.C.**

_____/s/_____  
Michael A. Tompkins  
One Old Country Road, Suite 347  
Carle Place, New York 11514  
Tel: (516) 873-9550

*Attorney for Plaintiff*