# Exhibit A

# SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is made and entered into by and between **Rosalino Ramos and Lazaro Ramos (collectively "Plaintiffs") and Hilltop Management Group LLC, Chalban 613 Realty LLC, Mark Colton, and David Kramer (collectively "Defendants")**. (Plaintiffs and Defendants are collectively referred to herein as the "Parties".)

*WHEREAS*, Plaintiffs are former employees of Defendants; and

*WHEREAS*, Plaintiffs have commenced a legal action pending in the United States District Court for the Eastern District of New York captioned as: *Ramos, et al. v. Hilltop Management Group LLC, et al.,* Case No. 1:15-cv-03240 (the "Litigation"); and

*WHEREAS*, the Plaintiffs have alleged, among other things, that the Defendants violated the federal Fair Labor Standards Act and various provisions of the New York Labor Law; and

*WHEREAS*, the Defendants have denied and continue to deny any and all liability to the Plaintiffs in connection with the Litigation or otherwise; and

*WHEREAS*, the Parties wish to settle all claims and all differences between them fully and finally without there being a trial or adjudication of any issue of fact or law; and

*WHEREAS*, the Plaintiffs have agreed to accept the payments set forth in this Agreement in full and final settlement of all of the claims asserted in the Litigation, including any and all claims for compensatory damages, punitive damages, liquidated damages, damages for emotional distress, unpaid wages or salary, penalties, attorneys' fees, costs, expenses, equitable or legal relief, and all other forms of damages or relief that might have been available to the Plaintiffs under any theory of recovery.

*NOW, THEREFORE*, in consideration of the prior recitals and the promises and acts stated below, the Parties agree as follows:

1. **Settlement Payments.**

    (a)   In full settlement of this matter, Defendants agree to pay and Plaintiffs agree to accept the gross sum of Eighty-Seven Thousand Five Hundred Dollars and Zero Cents ($87,500.00), inclusive of attorneys' fees and costs (collectively referred to herein as the "Settlement Payment" or "Settlement Payments"), with a payment to each individual Plaintiff in the following amounts:

    - Rosalino Ramos:   $ 29,166.67
    - Lazaro Ramos:   $ 29,166.67

    (b)   The Settlement Payments are stated in their gross amounts, shall constitute wages, shall be subject to all customary deductions and withholdings, and shall be reported on

IRS Form W-2.  To facilitate the Settlement Payments, each Plaintiff shall submit to Defendants an updated IRS Form W-4.

      (c)      In addition to the Settlement Payments, Defendants shall pay a sum of $29,166.66 to the law firm of Leeds Brown Law P.C., which amount shall constitute payment of attorneys' fees and expenses.  To facilitate this payment, Leeds Brown Law P.C. shall submit to Defendants an IRS Form W-9.

      (d)      Each of the Plaintiffs accepts the corresponding Settlement Payment as his/her full and final distribution in settlement of the Litigation and all other claims released pursuant to Section 3, inclusive of all compensatory damages, punitive damages, liquidated damages, damages for emotional distress, penalties, attorneys' fees, costs, expenses, equitable or legal relief, and all other forms of damages or relief that might have been available to the Plaintiff under any theory of recovery.

      (e)      The Law Firm of Leeds Brown Law P.C. accepts the sum identified above in Section 1(c) in full and complete satisfaction of the attorneys' fees and expenses incurred by the firm in representation of the Plaintiffs in the Litigation.

      (f)      The Plaintiffs expressly agree that the payments paid pursuant to this Agreement are inclusive of all attorneys' fees incurred by the Plaintiffs in connection with the Litigation and all precedent events and transactions and that neither the Plaintiffs nor their legal counsel has any claim to any additional payments.

      (h)      The Settlement Payments and payment of attorneys' fees shall all be paid by check, with each payment identified above split into two distinct payments; the first of which shall occur within fifteen (15) days following the Court's entry of the Order of Dismissal as provided for in Section 2 of this Agreement, and the second and final within sixty (60) days thereafter; provided however, that the Parties acknowledge and agree that the Court's approval of the settlement and dismissal of the Litigation are conditions precedent to Defendants' payment of the Settlement Payments and payment of attorneys' fees; and further provided that should the Court fail to approve the settlement and dismiss the Litigation, this Agreement and all obligations of either Party stated herein shall be null and void.

      (i)      The Parties agree that the matters to be litigated in the Litigation involve disputed issues of fact and law concerning Plaintiffs' entitlement to the alleged payments, and the Parties further agree that the Settlement Payments and payment of attorneys' fees constitute a fair and reasonable resolution of claims pending in the Litigation and all other claims that have been asserted by the Plaintiffs or could have been asserted by the Plaintiffs in the Litigation.

    **2.**      <u>**Motion for Approval of Settlement and Dismissal with Prejudice.**</u>

      (a)      Within ten business (10) days following the execution of this Agreement by all Parties, the Parties, by and through their respective legal counsel, shall file a Motion for

Approval of Settlement Agreement and Dismissal of Litigation with Prejudice as to the Plaintiffs.

    (b)    Each of the Plaintiffs hereby waives any rights to restore or reinstate the Litigation or the claims stated therein for any reason except if approval of the settlement is not granted.

    **3.**    **Release of Claims and Covenant Not to Sue.**  For and in consideration of the undertakings assumed and promises made pursuant to this Agreement, each of the Plaintiffs, for himself/herself, his/her representatives, heirs, assigns, and/or any other person or entity claiming by, through, or under him/her, hereby forever waives, releases, discharges, and covenants not to sue, completely, finally, and absolutely Defendants from any and all asserted and unasserted wage claims arising from work performed, including but not limited to those pertaining to:

    (a)    the payment of wages or other compensation, including but not limited to claims arising under the Fair Labor Standards Act, as amended, any and all New York laws related to the payment of wages, the minimum wage, and/or overtime (as well as any other applicable federal, state or local statute relating to payment of wages, the minimum wage, and/or overtime); and/or

    (b)    salary or wage rates, severance pay, compensation due, payment of expenses, sick leave, holiday pay, vacation pay, other pay.

    **4.**    **Denial of Liability**.  Defendants deny liability for any claims made by the Plaintiffs, and this Agreement does not constitute an admission of liability by Defendants but rather is entered solely for the purpose of settling disputed matters.  Nothing in this Agreement shall at any time for any reason or purpose be construed as an admission of liability or wrongdoing by any of the Defendants.

    **5.**    **Action for Breach**.  If any Party breaches any of his/its obligations under this Agreement, the non-breaching Party may bring a civil action to enforce the Agreement.  No Party shall commence a civil action for an alleged breach of this Agreement without first notifying counsel for the opposing Party of the dispute and providing the allegedly breaching Party ten (10) business days to cure the alleged breach.

    **6.**    **Amendment and Modification**.  This Agreement may be amended, modified, or supplemented only by written agreement of the Parties.

    **7.**    **Waiver of Compliance; Consents**.  Except as otherwise provided in this Agreement, any failure of any of the Parties to comply with any obligation, representation, warranty, covenant, agreement or condition herein may be waived by the party entitled to the benefits thereof only by a written instrument signed by the party granting such waiver, but such waiver or failure to insist upon strict compliance with such obligation, representation, warranty, covenant, agreement or condition shall not operate as a waiver of, or estoppel with respect to,

any subsequent or other failure. Whenever this Agreement requires or permits consent by or on behalf of any party hereto, such consent shall be given in writing in a manner consistent with the requirements for a waiver of compliance as set forth in this paragraph.

**8. Authorization**. Each Party expressly represents that the person executing this Agreement on his or her behalf has full power and authority to enter into, execute and fully perform this Agreement on behalf of said Party.

**9. Assignment**. This Agreement shall be binding upon and inure to the benefit of each Party hereto as to their heirs, personal representatives, successors and permitted assigns; provided that neither this Agreement nor any of the rights, interests or obligations of the Plaintiffs may be assigned without the prior written consent of Defendants; and further provided that the Defendants may assign this Agreement and its rights, interests and obligations to any successor entity without the Plaintiffs' consent.

**10. Governing Law**. This Agreement shall be governed by the laws of the State of New York as to all matters, including but not limited to matters of validity, construction, effect, performance and remedies.

**11. Severability**. If any provision of this Agreement or the application thereof to any person or circumstances shall be invalid or unenforceable to any extent, the remainder of this Agreement and the application of such provision to other persons or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law.

**12. Entire Agreement**. This Agreement embodies the entire agreement and understanding of the Parties hereto in respect to the transactions contemplated by this Agreement. This Agreement supersedes all prior agreements and understandings between the Parties with respect to the transactions contemplated by this Agreement.

**13. Counterparts**. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, all of which together shall constitute one and the same instrument.

**14. Additional Conditions**. This Agreement is conditioned on acceptance and execution by all Plaintiffs, approval by the Court, and dismissal of the Litigation with prejudice as to the Plaintiffs. In the absence of all stated conditions, this Agreement shall be null and void.

The Parties have caused this Settlement Agreement to be executed and delivered by their duly authorized officers or representatives.

**{INTENTIONALLY LEFT BLANK – SIGNATURE BLOCK ON FOLLOWING PAGE}**

Date: December 4th, 2017

_____
Rosalino Ramos

Date: DEC 11, 2017

_____
Hilltop Management Group LLC

By: DAVID KRAMER
Title: MEMBER

Date: December 4th, 2017

_____
Lazaro Ramos

Date: DEC 11, 2017

_____
Chalban 613 Realty LLC

By: DAVID KRAMER
Title: MEMBER

Date: DEC 11, 2017

_____
Mark Colton

Date: DEC 11, 2017

_____
David Kramer